**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RONALD E. DICKERSON,** | § | |
| | § | |
| **v.** | § | **A-10-CA-795 SS** |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Verified Complaint for Injunctive Relief (Clerk's Doc. No. 3) filed November 1, 2010; and Defendant's Response to Plaintiff's Complaint for Injunctive Relief and Motion to Dismiss (Clerk's Doc. No. 11) filed February 7, 2011.[1] The District Court referred the case to the undersigned for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

In his Verified Complaint for Injunctive Relief (Clerk's Doc. No. 3) Plaintiff Ronald E. Dickerson ("Dickerson" or "Plaintiff") moves for relief pursuant to the Freedom of Information Act,

---

[1]Although it has not moved to substitute, in its responsive pleadings the Social Security Administration has named Michael J. Astrue, the Commissioner of Social Security as the Defendant. In a FOIA action, the proper defendant is the agency, and not the agency head. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency."); *see also Santos v. DEA*, 357 F.Supp.2d 33, 36 (D.D.C. 2004) ("A plaintiff may not assert a FOIA claim against individual federal officials.").

5 U.S.C. § 522, ("FOIA").  He requests that this Court enforce his right to prompt disclosure of records from the SSA concerning the withholding of sums from his social security benefits.

Dickerson's factual assertions are as follows.  He reached 65 years of age and was scheduled to begin receiving Social Security benefits in September of 2010. Complaint at ¶ 5.  He was then informed by the Social Security Administration that more than 50% of his benefits were being withheld purportedly because of prior unpaid child support obligations. *Id.*  In November of 2010, he served a FOIA request on the Social Security Administration requesting a record of any state court judgment imposing a child support obligation upon him.  *Id.* at ¶ 6.[2]  He was then redirected to his local Social Security Administration Office, which refused to furnish him with the pertinent information. *Id.* at ¶ 7.  Through this action, Plaintiff requests that the Court order the Social Security Administration to provide him with copies of the documents he has requested through FOIA.

On February 7, 2011, the Social Security Administration filed a Response to Plaintiff's Complaint and a Motion to Dismiss (Clerk's Doc. No. 11).  In that filing, the Administration states that the Commissioner's Office of Privacy and Disclosure searched agency records and found the materials Plaintiff requested in his Complaint.  The Social Security Administration claims that on February 2, 2011, agency counsel Stephanie Boucher faxed Plaintiff the following documents:

1)      May 27, 2009, Notice to Withhold Income for Child Support from the State of Texas Attorney General's Office Child Support Division;

2)      a separate May 27, 2009, Notice to Withhold Income for Child Support from the State of Texas Attorney General's Office Child Support Division;

---

[2]Plaintiff requested "Any and all documentation relied upon by the Social Security Administration that indicates or refers to any state court judgment imposing any child support obligation.  I specifically request a copy of the judgment itself and any documentation provided by the Texas Attorney Generals office or other state agency that requested my social security payments to be withheld." *See* Complaint at ¶ 6.

       3)       November 15, 2010, Notice to Withhold Income for Child Support from the State of Texas Attorney General's Office Child Support Division.

*See* Response and Motion at p. 2.  Social Security Administration Agency counsel also mailed the same documents to Plaintiff at the address listed in this case.  The Social Security Administration asserts that agency counsel has attempted to contact Plaintiff on more than one occasion to determine whether the information provided to him was sufficient and that Plaintiff has been unresponsive.  Because his FOIA request has been addressed, the Social Security Administration moves to dismiss Plaintiff's action as moot.  Plaintiff has not responded to the Motion to Dismiss.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

FOIA requires agencies, within 20 days of receiving a request for records, to determine whether to produce responsive records and to immediately notify the requester of such determination. 5 U.S.C. § 552(a)(6)(A)(i).  Agencies must produce requested records unless they fall within one of the narrow exemptions set forth in the statute.  5 U.S.C. § 552(b); *see Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989).  Jurisdiction in a FOIA suit is based upon the plaintiff showing that an agency has improperly withheld agency records.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  If the agency establishes that all responsive records have been released to the requester, the suit should be dismissed on mootness grounds as there is no justiciable

case or controversy. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (holding that Plaintiff's "claim was rendered moot by the FBI's response to his request.") In a case such as this, where Defendant asserts that it has responded to the FOIA request, Plaintiff carries the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Plaintiff in this case has failed to file a Response.

Plaintiff's Complaint seeks an order requiring the immediate processing and release of the documents he has requested. Because the Social Security Administration asserts that the documents have now been produced, and Plaintiff has offered no controverting evidence, his request for relief is rendered moot. *See Cornucopia Institute v. Dep't of Agriculture*, 560 F.3d 673, 675-77 (7th Cir. 2009) (FOIA declaratory judgment claim moot because no case or controversy remains after agency has produced requested records); *see also Creel v. Dep't of State*, 42 F.3d 641, 1994 WL 708640, at *1 (5th Cir. Dec.5, 1994) (unpublished) (citing *Voinche*, 999 F.2d at 963.) Plaintiff's case should be dismissed on this basis.

Additionally, Local Rule CV-7(c) provides that "[i]f there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." Plaintiff has neither responded to the Social Security Administration's requests to ascertain whether the documents provided were adequate, nor has he responded to the Social Security Administration's Motion to Dismiss. Apparently, Plaintiff has abandoned his claim. Accordingly, the case should be dismissed on this additional basis.

### III.  RECOMMENDATION

The Court RECOMMENDS that the District Court GRANT Defendant's Motion to Dismiss (Clerk's Docket No. 11) and DISMISS this cause of action.

## IV.  WARNINGS

The parties may file objections to recommendations contained within this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE